O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-00066 AHM (AJWx) | Date | February 24, 2010 |
|---|---|---|---|
| Title | LAURA HARDWICK v. BAYER CORPORATION, *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:    Attorneys **NOT** Present for Defendants:

**Proceedings:**    IN CHAMBERS (No Proceedings Held)

    Before the Court is a motion brought by Defendants Bayer Corporation, Bayer Healthcare LLC, and Bayer Healthcare Pharmaceuticals Inc. (collectively the "Bayer Defendants") to stay the proceedings in this case pending a final decision by the Judicial Panel on Multidistrict Litigation ("JPML") as to whether this action will be transferred to Multidistrict Litigation ("MDL") No. 2100. For the following reasons, the Court GRANTS the motion.[1]

    On November 19, 2009, Plaintiff Laura Hardwick filed this case in the Superior Court of California for the County of Los Angeles against the three moving Bayer Defendants. The Complaint alleges California state law claims against Defendants in connection with the sale and marketing of the pharmaceuticals YAZ and Yasmin. *See* Complaint at 1. The Bayer Defendants removed the case to this Court on January 6, 2010. Also pending before this Court is Plaintiff's Motion to Amend and Remand, requesting this court to allow joinder of a distributor defendant, McKesson Corporation ("McKesson"). Docket No. 14.

    On October 1, 2009, the JPML ordered transfer of all marketing, sales practices,

---

[1]Docket No. 7.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-00066 AHM (AJWx) | Date | February 24, 2010 |
|---|---|---|---|
| Title | LAURA HARDWICK v. BAYER CORPORATION, *et al.* | | |

and products liability actions in federal court involving Yazmin and YAZ to MDL No. 2100, *In re Yasmin and YAZ (Drospirenone) Marketing, Sales Practices and Products Liability Litigation*. *See* Ex. A to the Declaration of Julie E. Schwartz accompanying Motion. On January 28, 2010, the Bayer Defendants filed with the JPML a notice identifying this action as a tag-along action to MDL No. 2100. Schwartz Decl., Ex. B. The transfer of this action to MDL No. 2100 is still pending.

The Court finds that economy of judicial resources will be best served by staying this action, pending a final decision by the JPML on whether to transfer this case to MDL No. 2100. Plaintiff's arguments to the contrary are unconvincing. Plaintiff asserts that the Court must rule on her motion to amend and remand before staying this action pending a transfer to the MDL. However, even if McKesson were joined as a defendant in this case, that would not warrant denying the stay. At least two judges, including Judge Phillips in this district and Judge Armstrong in the Northern District of California, have stayed other YAZ/Yasmin cases in which a motion to remand on the basis of McKesson's presence as a defendant was pending, while awaiting transfer to MDL No. 2100. *See* Schwartz Decl., Exs. E, G-K. In addition, the same relief sought in this case was granted by this Court on January 25, 2010 in *Rindy Andrews v. Bayer Corp., et al.,* United States District Court, Central District of California Case No. CV 09-9154 AHM (PJWx).

The MDL transferee judge, Chief Judge Herndon of the Southern District of Illinois, is fully able to rule on Plaintiff's motion to amend and remand if the case is transferred. Moreover, by addressing all of the various remand motions together, Chief Judge Herndon will be able to minimize or avoid the risks of inconsistent outcomes on issues common to the remand motions.

Plaintiff also argues that she will suffer undue prejudice from the delay, but the Bayer Defendants offer evidence that proceedings in MDL No. 2100 are progressing rapidly, and that Plaintiff will not be prejudiced by having Judge Herndon hear her motion. The delay caused while the action is stayed pending MDL transfer will result in less prejudice to Plaintiff than would forcing the Bayer Defendants to proceed in this case when it may shortly be transferred to the MDL.

/ / /

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-00066 AHM (AJWx) | Date | February 24, 2010 |
|---|---|---|---|
| Title | LAURA HARDWICK v. BAYER CORPORATION, *et al.* | | |

      For the foregoing reasons, the Court GRANTS the Bayer Defendants' motion and stays all proceedings in this case pending a final determination as to whether this action will be a part of MDL No. 2100.

      No hearing is necessary. Fed. R. Civ. P. 78; L. R. 7-15.

                                                                                                                                                                                                            :

                                                                    Initials of Preparer                    SMO